IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON FAVOR,**<br><br>    Petitioner,<br><br>    v.<br><br>**RON SMITH, Warden,**<br><br>    Respondent. | Case No. 1:17-cv-00015 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Brandon Alexander Favor (aka Brandon Favor-El) is a state prisoner confined at California Correctional Institution, Tehachapi, California. On January 5, 2017, Favor filed what purports to be a petition for writ of habeas corpus (28 U.S.C. § 2254) on behalf of both himself and another inmate, Raquel Harper.

Favor is well known to this court. Since 2013, Favor has filed at least sixteen habeas petitions and seven § 1983 complaints in the Eastern District of California as well as additional petitions and complaints in the Central and Southern Districts of California. See Dickerson v. Vasquez, E.D. Cal. Case No. 1:16-cv-01889-DAD-SKO, ECF No. 10.)

1

## I. Background

As with the complaints and petitions that Favor has filed on his own behalf, the above-captioned petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal habeas corpus law. See Rule 4 of the Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The heading includes the name of purported law firms of Miller & Miller Associates, and Brandon Favor, LLP, and provides a return address to a location in the City of Los Angeles (Doc. No. 1 at 1.) There is no indication that the petition was prepared by counsel and appears to be signed by Favor alone. Favor also lists Raquel Harper as a Petitioner, but Favor provides no factual support describing how or why Petitioner is presenting the claims on behalf of Harper.

One ground for relief is stated in the petition. (Doc. No. 1 at 4.) Ground one states:

> Non-statutory Relief: Petitioners are at odds regarding criminal response and prosecutorial relief without exception regarding petitioner Favor whom applies CRIME relief under RAQUEL HARPER as "CRIME PERSON", petitioners both proclaim innocent factorial relation with or without legal justification. (Pet. at 4.)

The alleged facts and argument supporting the claim reflected in the sentence quoted above are convoluted, illogical, and incoherent.and fail to support any cognizable federal habeas claim. (Doc. No. 1.)

Petitioner also provides no information about prior attempts to present and exhaust this claim in state court. (Pet.)

## II. Discussion

### A. Screening Standard

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

As is the case, here, the Court may review the petition to determine if the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false. If so, summary dismissal is appropriate. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)).

### B. Unauthorized Representation by a Non-Attorney

Favor, who is not an attorney, may not act on behalf of petitioner or any other party proceeding *pro se*. The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. §

1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

Mr. Favor has not presented any information regarding the status of his co-petitioner, Harper. The court may take judicial notice of the CDCR inmate directory, and searches of the directory do not indicate any inmates currently incarcerated by the California Department of Corrections and Rehabilitation by that name. Even assuming that Harper is incarcerated by the State of California and wishes to challenge his or her confinement, the petition provides no information from which the Court could conclude that Favor filed the petition with Harper's knowledge or permission.

### C. Vague, Conclusory, Palpably Incredible, or Patently Frivolous or False Allegations

Summary dismissal is appropriate if the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Petitioner's claims are incoherent and deficient. (See, generally, Pet. at 3-4.) While Petitioner repeatedly uses terms including 'evidence,' 'claim,' and 'natural and probable consequence,' the Court is not able to discern what Petitioner is attempting to convey, and what errors or legal violations he is attempting to seek a remedy. The pending petition is "patently frivolous." Hendricks, 908 F.2d at 491; In re Hunter, 1995 U.S. Dist. LEXIS 6178, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition because it is "a dense and impenetrable mass of verbiage").

Based on the foregoing, it is recommended that the case be summarily dismissed without prejudice for lack of jurisdiction.

### D. Failure to State a Cognizable Claim

28 U.S.C. 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See

4

also Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in this case fails to state a cognizable claim for federal habeas relief. In addition to being vague, and filed on behalf of another inmate, it does not allege a violation of the Constitution or federal law, nor does it argue that the Petitioner is in custody in violation of the Constitution or federal law. While there is mention of Petitioner's innocence, the petition provides no explanation of Petitioner's basis for claiming innocence. The allegations contained in the petition are insufficient to state a cognizable claim for habeas relief.

### III.  Order and Recommendation

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend. Further, the Court ORDERS the Clerk of Court to assign a District Court judge to the instant matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 29, 2017                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE